**William R. KISSINGER,**
**Plaintiff-Appellant,**

v.

**Charles C. FOTI, etc., et al.,**
**Defendants-Appellees.**

No. 76–2379
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1977.

---

\* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5th Cir. 1970, 431 F.2d 409, Part I.

William R. Kissinger, pro se.

T. Allen Usry, New Orleans, La., for defendants-appellees.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff prisoner filed an action under 42 U.S.C.A. § 1983 for damages for an alleged beating incident in a Louisiana jail on or about April 18, 1974. Suit was not filed until February 12, 1976, greatly in excess of one year from the alleged tort.

■ In actions such as this, since Section 1983 has no provision limiting the time within which an action may be brought, the applicable statute of limitations is that which the state would apply if suit for similar relief had been brought in state court. *O'Sullivan v. Felix,* 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); *McGuire v. Baker,* 421 F.2d 895 (5th Cir. 1970); *Knowles v. Carson,* 419 F.2d 369 (5th Cir. 1969). The one-year prescriptive period of the Louisiana Civ.Code Art. 3536 governs tort actions for assault and battery in Louisiana. "There is no general rule of law in Louisiana—either legislative or judicial—providing for the interruption or suspension of the prescriptive period because of imprisonment. . . ." *Whitsell v. Rodrigues,* 351 F.Supp. 1042, 1044 (E.D.La.1972).

■ Plaintiff's arguments that he is a "layman-at-law," a pauper without legal assistance, imprisoned, and has continuously sought administrative relief from various state and federal agencies afford him no defense to the absolute bar of the statute of limitations. The district court properly dismissed plaintiff's complaint.

AFFIRMED.