**Alan James SPINA, Plaintiff-Appellant,**

v.

**C.L. AARON, etc., et al.,
Defendants-Appellees.**

No. 86–1407
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 17, 1987.

---

Alan James Spina, pro se.

Mattie Peterson Compton, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Fort Worth, Tex., for defendants-appellees.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Because the decision in this *Bivens*-type suit by a prisoner against federal prison officials for an isolated constitutional tort may affect the fact or duration of the prisoner's confinement, we hold that the action cannot proceed, even as to claims for damages, until the prisoner exhausts the remedy available by habeas corpus proceedings.

Alan James Spina, an inmate incarcerated in the Western District of Texas, filed a *Bivens*-type complaint in the federal district court for the Northern District of Texas asserting that several prison officials had violated his constitutional rights under the fifth, eighth, and fourteenth amendments by finding him guilty of attempting to escape on the basis of insufficient evidence and by subjecting him to excessive penalties as a result of that determination. In his prayer for relief, Spina asked the district court to order the defendants to amend his security status to a more favorable classification, to amend the report filed about the incident in question to charge "possession of contraband" rather than "attempted escape," to expunge all records of an attempted escape, and to pay Spina damages for violating his constitutional rights. Spina did not request, however, that the district court order the defendants to reinstate 90 days of statutory good-time credit that were revoked when Spina was disciplined.

Reasoning that Spina's complaint effectively challenges the fact or duration of his confinement, the district court construed it as an implicit request for a writ of habeas corpus under 28 U.S.C. § 2241. The court then determined that it lacked jurisdiction to entertain Spina's habeas action due to the fact that he was incarcerated in a facility located in another federal district.[1] It therefore dismissed the complaint without prejudice so that Spina could initially seek habeas relief in a proper forum. Spina now appeals from the determination that his claim should be construed as a request for habeas relief and from the district court order dismissing his complaint.

Although the Federal Rules of Civil Procedure impose no requirement that a federal prisoner exhaust habeas corpus remedies before initiating a *Bivens*-type action, the Supreme Court has imposed such a requirement with regard to § 1983 petitions brought by state prisoners who contest the fact or duration of their confinement.[2] Explaining the basis of this rule, the Supreme Court noted, in *Preiser v. Rodriguez,*[3] that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that

---

1. *See United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985); *Blau v. United States,* 566 F.2d 526, 527–28 (5th Cir.1978).

2. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

3. 411 U.S. at 489–90, 93 S.Ct. at 1836.

specific determination must override the general terms of § 1983." [4]

Congress has likewise established procedures through which federal prisoners may seek release from wrongful incarceration,[5] subject to certain jurisdictional confinements.[6] Although the policies underlying the system of federal habeas corpus relief granted state prisoners are not identical to those underlying the framework of relief granted federal prisoners, the fact remains that, for both state and federal prisoners, Congress has chosen habeas corpus as the appropriate avenue to challenge the fact or duration of a prisoner's confinement. Federal courts, therefore, must be wary of defeating the will of Congress by allowing prisoners to bring civil rights suits against either state or federal officials that directly or indirectly circumvent habeas corpus proceedings or reduce them to "an exercise in futility." [7]

■ The core issue in determining whether a prisoner must initially pursue relief through habeas corpus rather than a civil rights action is the same whether the prisoner is in state or federal custody: Does he challenge the "fact or duration" of his confinement or merely rules, customs, and procedures affecting "conditions" of confinement? [8] The analysis, therefore, of whether a federal prisoner's *Bivens*-type claim constitutes, through the effects of res judicata and collateral estoppel, an indirect challenge to the fact or duration of his confinement which must be pursued initially through habeas corpus should parallel the analysis used to evaluate state prisoners' § 1983 claims.[9] In *Serio v. Members of Louisiana State Board of Pardons*,[10] we noted that prisoners who challenge ei-

ther (1) the constitutionality of the state court conviction or sentence underlying their confinement, or (2) a single allegedly defective hearing affecting their eligibility for, or entitlement to, accelerated release, must pursue their claims through habeas corpus. We concluded further that even broad-based challenges to rules or procedures used by parole boards—or by disciplinary officials making decisions that may affect prisoners' dates of release—must be pursued in habeas corpus if resolution of the factual and legal obligations necessary to resolve the civil rights claims would automatically entitle one or more plaintiffs to accelerated release.[11]

■ Applying the principles set forth in *Serio* to this case, we conclude that Spina must first pursue the remedies available through habeas corpus because he challenges a single allegedly defective hearing that affects his expected date of release.[12] In so holding, we recognize that the Supreme Court has set forth only two circumstances in which the rights of victims to secure *Bivens*-type remedies may be defeated.[13] We note, however, that our holding in no way "defeats" Spina's right to redress of his *Bivens* claims. We merely hold that he may not pursue those claims until he exhausts remedies available to him through habeas corpus.

■ Because Spina may be entitled to pursue his *Bivens* actions for damages after he has pursued his claim through habeas corpus, we remand to the district court for determination whether this action should be dismissed without prejudice or stayed. This court looks to state law to determine the applicable statute of limita-

---

**4.** *Compare* 28 U.S.C. § 2254 (1982) *with* 42 U.S.C. § 1983 (1982).

**5.** 28 U.S.C. § 2255.

**6.** *See* 28 U.S.C. § 2241 (1982); *United States v. Brown,* 753 F.2d 455, 456 (5th Cir.1985); *Blau v. United States,* 566 F.2d 526, 527–28 (5th Cir. 1978).

**7.** *Fulford v. Klein,* 529 F.2d 377, 381 (5th Cir. 1976), *adhered to en banc,* 550 F.2d 342 (1977).

**8.** *See Wolff v. McDonnell,* 418 U.S. at 554, 94 S.Ct. at 2973 (1974) (citing *Preiser,* 411 U.S. at 494, 498–99, 93 S.Ct. at 1838, 1840–41); *Serio v.*

*Members of Louisiana State Board of Pardons,* 821 F.2d 1112, 1116 (5th Cir.1987).

**9.** *See In re United States Parole Commission,* 793 F.2d 338 (D.C.Cir.1986).

**10.** 821 F.2d at 1118.

**11.** *Id.,* 821 F.2d at 1118.

**12.** *Id.,* 821 F.2d 1118 (citing *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983).

**13.** *See Carlson v. Green,* 446 U.S. 14, 18, 100 S.Ct. 1468, 1471, 64 L.Ed.2d 15 (1980).

tions for *Bivens* actions.[14] If, upon reviewing relevant state law, the district court determines that dismissal of Spina's claims without prejudice will preserve his opportunity to reassert those claims upon resolution of his timely application for writ of habeas corpus, the court may order such dismissal. If such dismissal will defeat Spina's opportunity to assert his *Bivens* claims, the district court may stay those claims or take any other action that will preserve Spina's rights.

We note, finally, that this case does not present the issue whether a prisoner may pursue *Bivens*-type claims simultaneously with habeas relief before a single district court possessing jurisdiction over both types of claims. Because the district court in this case did not have jurisdiction to consider Spina's entitlement to relief under habeas corpus, that issue is not now before us.

For the reasons stated above, we grant the petition to proceed in forma pauperis and affirm the judgment of the district court except with regard to Spina's claim for damages, which is REMANDED for further consideration in the light of this opinion.

---

**14.** *Gaspard v. United States,* 713 F.2d 1097, 1102 n. 1 (5th Cir.1983); *Alford v. United States,* 693 F.2d 498 (5th Cir.1982); *United Klans of America v. McGovern,* 621 F.2d 152 (5th Cir.1980).

*Cf. Board of Regents of the Univ. of New York v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).