995 F.2d 1063
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William J. NOLL, Plaintiff-Appellant,
v.
Carol Pavilack GETTY, Defendant-Appellee.
 No. 92-6402.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: January 20, 1993.
Decided: June 17, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-91-3328-HAR)
 William J. Noll, Appellant Pro Se.
 Richard Douglas Bennett, Juliet Ann Eurich, Office of the United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.
 Before WILKINS and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 William J. Noll, a federal prisoner, appeals from the district court's order denying relief on his complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). We affirm in part and vacate and remand in part.
 
 
 2
 Noll was originally convicted of bank robbery and sentenced to twelve years in prison. After serving a portion of his sentence he was released on parole. He subsequently pled guilty and was convicted in California state court on assault charges. As a result of the state conviction, a federal detainer was issued and Noll was given a parole revocation hearing. The Parole Commission ultimately revoked parole, denied credit for "street time," and imposed a condition of mental health aftercare for any future parole. The hearing panel's decision was affirmed on appeal to the National Appeals Board.
 
 
 3
 Noll then filed the present complaint against Carol Getty, the Chairman of the Commission. He raised four claims: (1) that Getty allowed the use of an unconstitutional form during his parole revocation proceedings; (2) that Getty tolerated the inclusion of erroneous information in the arrest warrant; (3) that the imposition of the mental health aftercare requirement violated due process; and (4) that in light of his medical condition, he had been improperly returned to prison. Noll sought injunctive relief and damages.
 
 
 4
 The district court denied relief. Concerning the claims against Getty in her personal capacity, the court found that Noll had never obtained service upon Getty in her personal capacity. As to claims one and two against Getty in her official capacity, the court found that Noll was required to exhaust his remedies under 28 U.S.C. § 2241 (1988) before pursuing a claim for damages. The court denied relief on the third claim after concluding that the imposition of the mental health aftercare condition was within the Commission's discretion. On the fourth claim the court denied relief, finding that it lacked jurisdiction to consider the claim. Noll filed a timely notice of appeal.
 
 
 5
 A. Claims One through Three-Official Capacity
 
 
 6
 Initially, we note that all claims against Getty in her official capacity which sought damages should have been dismissed because they were barred by sovereign immunity. See Hagemeier v. Block, 806 F.2d 197, 202 (8th Cir. 1986), cert. denied, 481 U.S. 1054 (1987); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Accordingly, we affirm the denial of relief on these claims on this basis.
 
 
 7
 Those claims against Getty in her official capacity which sought injunctive relief are not barred by sovereign immunity, though Bivens does not provide the court with a basis for providing relief. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991) (Bivens action may not be brought against a federal official in her official capacity); Daly-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir. 1987) (same).
 
 
 8
 We agree with the district court that Noll must exhaust his remedies under § 2241 before he can seek relief on claims one and two. See Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987) (if resolution of factual and legal issues necessary to resolve the civil rights claims would necessarily entitle plaintiff to accelerated release, then plaintiff must first exhaust his remedies under § 2241); Fendler v. United States Parole Comm'n, 774 F.2d 975, 979 (9th Cir. 1985) (same). However, we conclude that rather than dismissing claim three on the merits, the court should have allowed Noll to exhaust this claim as well.[1] See Cox v. Warden, Federal Detention Center, 911 F.2d 1111, 1114 (5th Cir. 1990) (prisoner may challenge mental health aftercare condition under § 2241).
 
 
 9
 While we agree with the district court that exhaustion of these claims was required, we vacate that portion of the order dismissing these claims. Because Noll may be barred by the applicable statute of limitations[2] from bringing these claims later if they are dismissed, the district court should determine whether it is appropriate to stay the claims on its docket rather than dismissing them. Spina, 821 F.2d at 1128.
 
 
 10
 B. Claims One through Three-Personal Capacity
 
 
 11
 Concerning claims one, two, and three against Getty in her personal capacity, the district court granted judgment against Noll after concluding that he had failed to serve Getty in her personal capacity. This was error. Noll was granted in forma pauperis status and was therefore entitled to rely upon court officers to effect service upon the Defendant. 28 U.S.C. § 1915(c). In addition, the district court had issued an order directing the clerk to serve process on Getty in the event that the United States Attorney would not accept it. Noll was entitled to rely upon this order.
 
 
 12
 Accordingly, we vacate that portion of the order which dismissed claims one, two, and three against Getty in her personal capacity and remand with instructions to serve process upon the Defendant in her personal capacity. After Getty has been served she may then raise whatever defenses are available to her in her personal capacity; to the extent that the district court finds claims against her to be viable, it should then consider whether those claims should likewise be stayed or dismissed pending exhaustion.
 
 
 13
 C. Claim Four-Official and Personal Capacity
 
 
 14
 Finally, we find that regardless of the capacity in which Getty is sued, relief is unavailable on claim four. The decision to revoke parole and return Noll to prison was an adjudicative one. Getty was consequently entitled to absolute, quasi-judicial immunity.[3] Pope v.
 
 
 15
 Chew, 521 F.2d 400, 405 (4th Cir. 1975). Accordingly, we affirm the denial of relief on this claim.
 
 D. Conclusion
 
 16
 In conclusion, we affirm the denial of relief on claim four. We affirm the denial of relief on claims one, two, and three against Getty in her official capacity, to the extent they sought damages, on the basis of sovereign immunity. We affirm the district court's requirement that Noll exhaust claims one and two for injunctive relief against the Defendant in her official capacity, though we remand to allow the district court to decide whether the claims should be stayed pending exhaustion of Noll's § 2241 remedies. We vacate the dismissal of claim three and remand with instructions that Noll be required to exhaust this claim as well. We vacate the denial of relief on the claims against Getty in her personal capacity and remand with instructions to effect service upon the Defendant. The court should likewise determine whether these claims should be stayed on the docket pending exhaustion of Noll's § 2241 remedies. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 17
 AFFIRMED IN PART; VACATED AND REMANDED IN PART
 
 
 
 [1]
 The district court construed this claim as challenging the Commission's authority to impose a mental health aftercare condition in general. Interpreting the complaint liberally, we believe that Noll challenges the imposition of the condition in his case because he contends that there was insufficient evidence to warrant the condition, and that its imposition on him was arbitrary and capricious
 
 
 [2]
 State law supplies the statute of limitations applicable to Bivens actions. Kreines v. United States, 959 F.2d 834, 836 (9th Cir. 1992)
 
 
 [3]
 Further, to the extent that Noll might have sought release, the proper forum would be an action under § 2241 in the district court in California, where parole was revoked. See Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973)