Nassos **LASPOPOULOS**

v.

**FBI, et al.**

**Civ. A. No. 94–2677.**

United States District Court,
E.D. Louisiana.

April 24, 1995.

*But see Wainwright v. Moreno's, Inc.,* 602 So.2d 734 (La.App. 3d Cir.1992).

**27.** *Cf. King,* 581 So.2d at 303.

Nassos Laspopoulos, Three Rivers Texas, LA, pro se.

Ruth Morris Force, Carter Kenneth Derrick Guice, Jr., U.S. Attorney's Office, New Orleans, LA, for FBI and Bernard DeSantis.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is plaintiff's motion to transfer this matter to United States District Court for the District of Columbia as well as the motion of Defendants FBI and Bernard DeSantis to dismiss this matter, both of which were taken under submission previously without oral argument. Having reviewed the briefs of the parties, the record and the applicable law, the Court GRANTS defendants' motion to dismiss and DENIES plaintiff's motion to transfer. The Court also orders that plaintiff show cause why this lawsuit should not be dismissed in its entirety.

### Background

Plaintiff, who is incarcerated following conviction of a federal offense, filed a *pro se* "Civil Rico Conspiracy" complaint against the Federal Bureau of Investigation and certain individuals, including an FBI agent. (R.Doc. 1.) Plaintiff alleges a conspiracy between the defendants to deprive him of certain constitutional rights arising out of many individual acts, including but not limited to beatings and other acts that deprived him of liberty and property. (R.Doc. 1.)

As noted, plaintiff named several defendants, including the Federal Bureau of Investigation, former FBI agent DeSantis, and several other individuals. The plaintiff has served only the FBI.[1] No other defendants have been served.

The Court discusses the motion to dismiss first, followed by an analysis of the motion transfer. The Court *sua sponte* then reviews whether this matter should be dismissed for plaintiff's failure to serve all defendants.

### Law and Application

#### I. Motion to Dismiss

In reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court accepts as true all well-pleaded allegations and views them in the light most favorable to the plaintiff. *American Waste & Pollution Control Co. v. Browning–Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir.1991). Further, dismissal is proper only if no relief could be granted under any set of facts proven consistent with the allegations. *Id.*

The question is whether, given this standard, defendants are entitled to dismissal.

Under Rule 2.07E of the Uniform Local Rules for the United States District Courts for the Eastern District of Louisiana, Middle District of Louisiana and Western District of Louisiana, plaintiff's opposition to the defendants' motion to dismiss was due eight days prior to the date that this motion was set for hearing, which was March 15, 1995. As of this date, plaintiff has yet to file an opposition. Therefore, defendants' motion is granted as unopposed.

Moreover, the defendants' arguments are well taken. Because there is no specific statutory authority for suing the FBI in its own name, the United States is the proper-party defendant in this matter. *See Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952); *Fluellen v. U.S. Department of Justice Enforcement Administration*, 816 F.Supp. 1206, 1209

---

1. Despite not being served, DeSantis has appeared and filed the instant motion to dismiss.

(E.D.Mich.1993). Plaintiff should be allowed to amend his lawsuit to name the United States as defendant, except if such an amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Such futility exists here for the following reasons. The United States cannot be sued unless it has waived its sovereign immunity to suit. The plaintiff's complaint clearly alleges Constitutional violations, and such a suit is barred by sovereign immunity because the Constitution does not waive the United States' sovereign immunity in a suit for damages. *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir.1982). Because no relief could be granted plaintiff under any set of facts, dismissal of the FBI is proper under Fed.R.Civ.P. 12(b)(6).

Dismissal of the case against defendant DeSantis, a former FBI agent, also is proper, albeit under Fed.R.Civ.P. 56(c), not Rule 12(b)(6), because DeSantis supports his motion with an affidavit. *See* Fed.R.Civ.P. 12(b)(motion under Rule 12(b)(6) presented with matters outside the pleadings should be considered under Rule 56).

■ Even though plaintiff may state a cause of action against DeSantis under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the present lawsuit should be dismissed because it was filed beyond the applicable, one-year statute of limitations. Under federal law, state law determines the applicable statute of limitations for a *Bivens* action. *Gaspard v. United States*, 713 F.2d 1097, 1102–03, n. 11 (5th Cir.1983); *Spina v. Aaron*, 821 F.2d 1126, 1128–29 (5th Cir.1987). Because tort actions are "prescribed" after one year under Louisiana law, LSA–C.C. Art. 3492, plaintiff's *Bivens* action against DeSantis is prescribed if he failed to file the lawsuit within one year of the occurrence of the alleged constitutional violations. *Gaspard*, 713 F.2d at 1102–03, n. 11.

Plaintiff's complaint (R.Doc. 1) and his response to this Court's standing RICO order (R.Doc. 8) state that DeSantis was an FBI

agent at the time of the alleged acts. According to the unrebutted affidavit of Supervisory Special Agent Warren B. Jung II attached to defendants' motion, DeSantis has not been an FBI agent nor has he been involved in FBI investigations since his retirement on September 3, 1985. This is the latest that DeSantis could have acted as an FBI Agent such that his actions would be subject to *Bivens*. Thus, the latest that the present lawsuit could have been timely filed would have been September 3, 1986. Yet, it was not filed until August 16, 1994. Therefore, the lawsuit is prescribed. Because plaintiff has failed to file a response, much less raise a genuine issue of material fact pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate on the claim against DeSantis.[2]

## II. Motion to Transfer

■ Plaintiff's motion to transfer is based on the conclusory allegation that he "is unable to obtain justice within the district For the Eastern District of LA., [sic] due to prejudice and conspiracy spill-over within the district." (R.Doc. 2, p. 2.) Plaintiff also argues, again in a conclusory fashion, that justice will better served if other cases he has pending are consolidated with this case in United States District Court for the District of Columbia. *Id.* at 3. Plaintiff inappropriately relies on statutes concerning removal of cases from state courts and multidistrict litigation in support of his argument. Plaintiff's only other argument is that this case should be transferred pursuant to the interests of justice under 28 U.S.C. § 1412.

Plaintiff has made no showing that this Court cannot adequately hear this matter or any showing why this matter should be transferred in the interest of justice. Therefore, plaintiff's motion to transfer is denied.

## III. Failure to Serve Other Defendants

Finally, the Court notes that plaintiff has failed to serve any defendant other than the FBI. Rule 4(m) of the Federal Rules of Civil

---

**2.** The Court does not reach the issue of whether plaintiff's complaint should be dismissed against

DeSantis due to its conclusory allegations.

Procedure requires that service of the summons and complaint be made within 120 days after the filing of the complaint. Therefore, plaintiff is ordered to show cause *in writing* by May 10, 1995, why this Court should not dismiss this matter pursuant to Fed.R.Civ.P. 4(m).

Accordingly,

**IT IS ORDERED** that the motion to dismiss of defendants FBI and Bernard DeSantis **BE** and **IS HEREBY GRANTED.**

**IT IS FURTHER ORDERED** that the motion to transfer of plaintiff **BE** and **IS HEREBY DENIED.**

**IT IS FURTHER ORDERED** that plaintiff **SHOW CAUSE IN WRITING** on or before May 10, 1995, why this matter should not be dismissed for failure to serve any other defendants.