**Franklin D. FRAZIER**

v.

**FEDERAL BUREAU OF INVESTIGATION.**

**Civ. A. No. 95–1875.**

United States District Court, E.D. Louisiana.

Oct. 20, 1995.

Franklin D. Frazier, Jr., Angola, LA, pro se.

Paul Stuart Weidenfeld, U.S. Attorney's Office, New Orleans, LA, for defendant.

### *ORDER AND REASONS*

JONES, District Judge.

The Court, after considering the complaint, the record, the applicable law, the Report

and Recommendation of the United States Magistrate Judge, and plaintiff's objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the Magistrate Judge and adopts it as its own opinion in this matter, with the following modifications. The Court writes separately to address objections raised by the plaintiff and rules *sua sponte* whether the Federal Bureau of Investigation may be sued.

## Background

Plaintiff, Franklin D. Frazier, is a prisoner incarcerated in the Louisiana State Penitentiary ("LSP") in Angola, Louisiana. Plaintiff filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Federal Bureau of Investigation ("F.B.I.") seeking compensatory damages for their failure to investigate his claim that he is being tranquilized and experimented on in his cell against his will.

The Magistrate Judge, upon review of the pleadings recommended that the complaint be transferred to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a).[1] The Magistrate Judge determined that because plaintiff's cause of action arose at the LSP in Angola, Louisiana, which is within the geographical jurisdiction of the United States District Court for the Middle District of Louisiana, and because the plaintiff refers to Warden Burl Cain, and to Major Louie Calvert who are employed by the LSP as persons who also failed to investigate his claim, it would be in the interest of justice and the convenience of the parties and the witnesses that the case be transferred.

In his objection to the Magistrate's Report and Recommendation, plaintiff alleges that the F.B.I. is the only defendant in the action and that the F.B.I. resides in the Eastern District of Louisiana. Plaintiff argues that, therefore, the case is properly brought in this district and should remain here. Plain-

tiff further contends that it is his request that the Court deny the Magistrate's Recommendation to transfer the case. Plaintiff cites no law in support of his position.

## Law and Application

### I. Standard of Review

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b), a district court must engage in *de novo* review where a party has objected to a magistrate's proposed findings and recommendation.[2]

Because plaintiff has filed a timely objection to the Magistrate's Report and Recommendation that the instant matter be transferred to the Middle District, the Court makes a *de novo* review of the Magistrate's recommendation to transfer this case. However, first *sua sponte* the Court raises the issue of whether plaintiff can sue the Federal Bureau of Investigation per its broad discretion in determining whether an *in forma pauperis* complaint is frivolous. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir.1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir.1993).

### II. Suit Against F.B.I.

■ The first question is whether plaintiff can bring an action against the F.B.I. Because there is no specific statutory authority for suing the F.B.I., only the United States, not the F.B.I., is a proper-party defendant in this matter. *See Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S.Ct. 410, 412, 96 L.Ed. 534 (1952); *Fluellen v. U.S. Department of Justice Drug Enforcement Administration*, 816 F.Supp. 1206, 1209 (E.D.Mich.1993); *Laspopoulos v. FBI*, 884 F.Supp. 214, 215 (E.D.La. 1995).

■ Plaintiff should be allowed to amend his complaint to name the United States as a defendant, unless such an amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

---

**1.** This statute provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil litigation to any other district or division where it might have been brought.

28 U.S.C. § 1404(a) (West 1993).

**2.** *See U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

Such futility exists here for the following reasons. The United States cannot be sued unless it has waived its sovereign immunity to suit. The plaintiff's complaint clearly alleges constitutional violations [based on alleged civil rights violations], and such a suit is barred by sovereign immunity because the Constitution does not waive the United States' sovereign immunity in a suit for damages. *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir. 1982).

*Laspopoulos,* 884 F.Supp. at 216.

As a result, plaintiff's complaint as to the F.B.I. and/or the United States lacks an arguable basis in law, *Booker v. Koonce,* 2 F.3d at 115 and n. 6., and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(d).

III. Transfer

■ Having determined that plaintiff has no cause of action against the F.B.I., which provides the only basis for plaintiff's argument that venue is proper in this district, the next question is whether the Magistrate Judge correctly recommended that this case be transferred to the Middle District. The first step in answering this question is to determine what defendants, if any, remain.

For this reason, the Magistrate Judge construed the other defendants, in addition to the F.B.I., to be Warden Burl Cain and Major Louie Calvert of the LSP, who were mentioned in plaintiff's complaint. Therefore, the Magistrate Judge recommended that the matter be transferred to the Middle District for the convenience of the parties and the witnesses.

In his objection to the Magistrate's Report and Recommendation, the plaintiff adamantly states the complaint is only against the F.B.I. and that "codefendants [sic] is nothing more than a witness [sic] on plaintiff's behalf" and that "[s]witching the claim on codefendants' [sic] is not plaintiff intention's [sic]." (R.Doc. 3, p. 1.) Additionally, plaintiff states:

The claim is on F.B.I. for failure to investigate a matter of serious importance and a claim that by law should have been investigated and F.B.I. refused to do.

*Id.*

■ Nevertheless, *pro se* complaints must be construed broadly. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Plaintiff's complaint and objection are confusing at best as to who are the named defendants. Construing plaintiff's complaint broadly, the Court finds that plaintiff has named Warden Cain and Major Calvert as defendants under 42 U.S.C. § 1983. In his complaint, plaintiff also refers to F.B.I. Agent Margaret Owens, to whom plaintiff wrote a letter and who allegedly failed to investigate his claims. Construing plaintiff's complaint broadly as to Owens, conceivably plaintiff has stated a claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), against her.[3]

Having determined that plaintiff has named as defendants Warden Cain, Major Calvert and, possibly, Agent Owens, the next step in determining whether the Magistrate Judge correctly recommended the transfer of this matter is whether plaintiff could have brought this lawsuit in the Middle District because a prerequisite to transfer under § 1404 is that the civil litigation could have been brought in the transferee district. *See* note 1, *supra.* There is no doubt that Warden Cain and Major Calvert are located at LSP. There also is no doubt that the alleged experimentation on and tranquilization of plaintiff occurred at LSP. However, neither in his complaint nor in his objection to the Magistrate Judge's Report and Recommendation has plaintiff identified which F.B.I. office Ms. Owens is assigned to.

Notwithstanding this omission, the Court finds that transfer under 28 U.S.C. § 1404 is proper because venue would have been prop-

3. Because Ms. Owens is not a federal and not a state actor, plaintiff can not bring a cause of action against her under § 1983. That section only provides an action for deprivation of civil rights against a person who deprives another of civil rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.

er in the Middle District under 28 U.S.C. § 1391(b)(2).[4] Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

It is clear from the record that a "substantial part of the events or omissions giving rise to plaintiff's claim occurred" at the LSP within the Middle District.

■ Therefore, "[f]or the convenience of the parties and witnesses [and] in the interest of justice," the Court finds that transfer to the Middle District is proper and adopts the Magistrate Judge's Report and Recommendation on this issue.[5]

Accordingly,

IT IS ORDERED that plaintiff's claim against the Federal Bureau of Investigation be DISMISSED without prejudice as frivolous pursuant to 28 U.S.C. § 1915(d).

IT IS FURTHER ORDERED that plaintiff's complaint against the remaining defendants be and is hereby TRANSFERRED to the United States District Court for the Middle District of Louisiana.

---

**4.** Because § 1983 has no specific venue provision, venue is determined under 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453, 458 (N.D.Ga.1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

**5.** As the Magistrate Judge noted, the Court may make this transfer *sua sponte*. *See Mills v. Beech Aircraft*, 886 F.2d 758, 761 (5th Cir.1989).