United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31161
Summary Calendar

ADEKUNLE OLA FASOLA,

                                        Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE;
FLOWER, also known as Fowler,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1099
--------------------

Before BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Adekunle Ola Fasola appeals the district court's dismissal

of his *in forma pauperis* (IFP) civil rights action against

Immigration and Naturalization Service (INS) agents at FCI

Oakdale and officers of the St. Martinville Sheriff's Office.[**]

He argues that the district court failed to consider "extenuating

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

     [**] Fasola's complaint is properly construed as an action
under Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,
403 U.S. 388 (1971).  See Evans v. Ball, 168 F.3d 856, 863 n.19
(5th Cir. 1999).

conditions" and "mitigating factors" in dismissing the case "for the reason of statute of limitation." An IFP complaint that lacks an arguable basis in fact or in law is frivolous. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998). We review a dismissal as frivolous under 28 U.S.C. § 1915 for an abuse of discretion. Id. at 734. In an action under § 1915, a district court may raise the defense of limitations *sua sponte*. Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. Id.

Federal courts look to state law to determine the applicable limitations or prescriptive period for a Bivens claim. See Spina v. Aaron, 821 F.2d 1126, 1128-29 (5th Cir. 1987). Federal courts also give effect to any applicable tolling provisions. See Harris, 198 F.3d at 156. In Louisiana, where Fasola's claims arose, the applicable prescriptive period is one year. Id. at 158; La. Civ. Code Ann. art. 3492 (West 2000). Thus, without tolling, Fasola's claim is prescribed.

Under Louisiana law, "`[p]rescription runs against all persons unless an exception is established by legislation.'" Harris, 198 F.3d at 158 (quoting La. Civ. Code Ann. art. 3467 (1994)). "There is no general rule of law in Louisiana either legislative or judicial providing for the interruption or suspension of the prescriptive period because of imprisonment."

Kissinger v. Foti, 544 F.2d 1257, 1258 (5th Cir. 1977)(internal quotation and citation omitted).  Fasola's imprisonment thus did not toll the limitations period.

Fasola alleges, for the first time on appeal, that an INS deportation officer told him that he had five years to bring suit in federal court.  Fasola failed to raise this allegation in the district court, and this court will not consider a factual issue raised for the first time on appeal.  See Williams v. Cigna Fin. Advisors, Inc., 56 F.3d 656, 661 (5th Cir. 1995.  With respect to Fasola's allegation that he relied on Sutterfield's assertion that he would pursue the issue judicially, Sutterfield was not a defendant and he did not "prevent" Fasola from bringing suit.  See Harris, 198 F.3d at 158 (Louisiana courts recognize that prescription may be tolled when the defendant prevents the plaintiff from bringing suit).  With respect to his argument that INS officials should be held responsible for his failure to bring his complaint timely, Fasola had essentially one full year *after* he was released from the custody of INS officials in which to bring his lawsuit.  Thus, even accepting Fasola's allegations as true, it cannot be said that the defendants prevented Fasola from bringing suit.

The judgment of the district court is AFFIRMED.