United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40831
Conference Calendar

C. ELIJAH HAKEEM MUHAMMAD, also known as Christopher Hijrah Mitchell,

                                        Plaintiff-Appellant,

versus

LARRY WESTON, Individually & In His Official Capacity as an Officer; ENRIQUE ORTIZ, Individually & In His Official Capacity as Unit Team Case Manager; TAMARA MISCHEL, Individually & In Her Official Capacity as Psychologist; C. LOHMANN, Individually & In His Official Capacity as a Psychologist,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-299-HC-ESH
--------------------

Before BARKSDALE, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

     C. Elijah Hakeem Muhammad, federal prisoner #02791-088, appeals the district court's dismissal of his <u>Bivens</u>[**] action. Muhammad argues that the district court erred by dismissing his complaint without giving him the opportunity to amend it.  He

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

     [**] <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

further asserts that his claims against Larry Weston and Enrique Ortiz were not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), because his disciplinary conviction was expunged. He additionally contends that he had a protected liberty interest in the good-time credits that he lost because of the disciplinary conviction.

Muhammad's complaint and accompanying factual allegations were extensive and consisted of a total of 70 pages. While he alleged that he exhausted his administrative remedies against Weston and Ortiz, he did not allege that he exhausted his administrative remedies against Dr. C. Lohmann and Dr. Tamara Mischel. His complaint showed that his disciplinary conviction had not been overturned or otherwise called into question. The district court dismissed the complaint over two years after Muhammad filed it; Muhammad had ample time to amend it. Accordingly, the district court did not err by dismissing Muhammad's complaint without expressly giving him an opportunity to amend it. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999).

Muhammad's claims against Weston and Ortiz, if successful, would undermine the validity of his disciplinary conviction. While the disciplinary conviction was erroneously expunged, it was reinstated once the error was discovered. Thus, Muhammad's disciplinary conviction was "still outstanding" and his claims for damages and declaratory relief were barred by Heck. See

Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996); Edwards v. Balisok, 520 U.S. 641, 648 (1997). To the extent that Muhammad sought the expunction of his disciplinary conviction and the return of his good-time credits, his claims were cognizable only in a habeas corpus action, not in a Bivens action. See Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987). We need not reach Muhammad's argument that he had a protected liberty interest in his good-time credits because that argument goes only to the merits of his incognizable challenge to his disciplinary conviction.

Muhammad's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We warn Muhammad that if he accumulates three strikes under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.