United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10348
Summary Calendar
_____

THOMAS MCBARRON,

                                        Plaintiff-Appellant,

versus

COLE JETER, Warden Federal Medical Center Fort Worth,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CV-497
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

     Thomas McBarron filed an alleged 28 U.S.C. 2241 habeas

corpus petition and raised claims of deliberate indifference to

serious medical needs.  The district court denied the petition

after determining that McBarron could proceed under § 2241 and

that McBarron's claims lacked merit.  McBarron appeals that

denial.  He argues that his claims have merit and that the

district court erred by not giving him sufficient opportunity to

respond to Jeter's answer before denying his petition, by

construing his postjudgment motion as a motion to reconsider, and

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by not ruling on his motion for appointment of expert witnesses. McBarron moves this court for a conference, appointed counsel, and an expedited appeal. He also requests that this court strike the appellee's brief.

McBarron was not entitled to proceed under § 2241 because his claims would not entitle him to immediate release if he prevailed on them. See Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987). Consequently, McBarron's claims are not cognizable in a habeas action. See id. The district court's denial of relief is AFFIRMED on this alternate basis. See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997). All outstanding motions are DENIED.