United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 30, 2007**

Charles R. Fulbruge III
Clerk

REVISED SEPTEMBER 4, 2007
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10897
Summary Calendar

MARY ELIZABETH SCHIPKE,

Petitioner-Appellant,

v.

GINNEY VAN BUREN, Warden, Federal Medical Center - Carswell,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CV-349

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Mary Elizabeth Schipke appeals the district court's dismissal of her 28 U.S.C. 2241 petition for failure to exhaust administrative remedies. Schipke raised numerous claims pertaining to perceived injustices regarding her medical

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

treatment and the conditions of her detention and sought an order for injunctive relief modifying the conditions of her detention.

The district court held that Schipke had failed to exhaust her administrative remedies and dismissed the § 2241 petition. As an initial matter, this court recognizes that a prisoner cannot avail herself of habeas corpus relief when seeking injunctive relief that, as in this case, is unrelated to the cause of her detention. See e.g., Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). "Habeas corpus is not available to prisoners complaining only of mistreatment during their legal incarceration." Cook v. Hanberry, 592 F.2d 248, 249 (5th Cir. 1979). Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions. See Spina v. Aaron, 821 F.2d 1126, 1127-28 (5th Cir. 1987); see also Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994).

Since none of the claims raised by Schipke challenge the fact or duration of her confinement and none, if prevailed on, would entitle her to accelerated release, Schipke's claims are not cognizable in a habeas action, but should have been raised in a Bivens action. Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); see Spina, 821 F.2d at 1127-28. Nevertheless, Schipke would not have prevailed on her claims even if the district court had construed her suit as arising under Bivens, since the exhaustion requirement also applies to Bivens actions. See Porter v. Tussle, 534 U.S. 516, 525 (2002).

A federal prisoner must exhaust his administrative remedies before seeking purely injunctive relief under Bivens. See Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust

2

such remedies would itself be a patently futile course of action." <u>Fuller v. Rich</u>, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and Schipke bears the burden of demonstrating the futility of administrative review. <u>See</u> <u>id.</u>

The record demonstrates that Schipke has not exhausted the administrative remedies provided by 28 C.F.R. §§ 542.10-542.19. Further, Schipke has failed to carry her burden of showing that administrative remedies are either unavailable or wholly inappropriate to the relief sought or that exhausting her claims through the administrative process would be futile. The judgement of the district court is AFFIRMED. Schipke's motion for an expedited appeal is DENIED.