# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-40343
Summary Calendar

ANTHONY A WHITEHURST

Plaintiff-Appellant

v.

DORIS JONES

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CV-150

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony A. Whitehurst, former federal prisoner, appeals the dismissal of his action brought pursuant to Bivens v. Six Unknown Named Agents of Narcotics, 403 U.S. 388 (1971), as time barred. Whitehurst asserts that his claim against Doris Jones for detaining him past an accurately calculated release date and his claim against the Bureau of Prisons officials for preventing him from exhausting his administrative remedies were timely filed because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statute of limitations did not begin to run until he was released from prison on February 3, 2006. He additionally asserts that the statute of limitations was tolled during the time he attempted to exhaust his administrative remedies. Finally, Whitehurst contends that the statute of limitations was tolled until February 3, 2006 because 28 U.S.C. § 1915(g) prevented him from filing a civil action while he was incarcerated.

Whitehurst brought this action pursuant to Bivens. Whitehurst, however, must exhaust his remedies available to him through habeas corpus before pursuing his Bivens claims because he challenges the duration of his confinement. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994)("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement."); Spina v. Aaron, 821 F.2d 1126, 1128 (5th Cir. 1987). Whitehurst's claims that the denial of time credits unlawfully extended his detention directly implicate the duration of his confinement. Although Whitehurst is currently serving an eight-year term of supervised release, 28 U.S.C. § 2241 habeas relief is still available to Whitehurst because the district court may exercise its discretion to modify his term of supervised release under 18 U.S.C. § 3583(e)(2) if it determines that he has served excess time in prison. See United States v. Johnson, 529 U.S. 53, 60 (2000).

According to the rule in Heck v. Humphrey, 512 U.S. 477 (1994), Whitehurst cannot bring his Bivens action for damages until his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Accordingly, Whitehurst must exhaust his habeas remedies and obtain relief on his claim concerning his illegal detention prior to filing his Bivens action. See id.

Because Whitehurst must obtain an order invalidating his illegal detention prior to bringing his Bivens action, his Bivens action does not accrue until he receives such an invalidation. See Stephenson v. Reno, 28 F.3d 26, 27-28 (5th Cir. 1994). Whitehurst's Bivens claims are therefore not time barred. Although the district court erred in determining that Whitehurst's action was time barred, the district court's decision to dismiss the lawsuit can be affirmed on alternative grounds because Heck bars Whitehurst from bringing his Bivens action prior to obtaining an order invalidating his illegal detention.

AFFIRMED.