**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-30262
Summary Calendar

JOE STEPHENS

Plaintiff-Appellant

v.

CAREY T SHIMPF; PARISH OF CADDO

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:07-CV-1962

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joe Stephens, Louisiana prisoner # 109204, appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint. The district court determined that his claims had prescribed and dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(e).

Stephens argues that the district court erred when it determined that his claims had prescribed. He argues that the District Attorney of Caddo Parish, Louisiana, violated his constitutional rights by bringing an arson charge that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was subsequently dismissed and that he was subject to false imprisonment and malicious prosecution in connection with the arson charge. Stephens argues that he has been continuously imprisoned since his arrest on the arson charge in December 1982, through the current date, and that under Louisiana law, prescription for a claim of false imprisonment does not run while a person is imprisoned. Stephens is currently serving a life sentence following a murder conviction, which arose after he was charged with arson.

A dismissal as frivolous pursuant to § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). The statute of limitations for a § 1983 claim is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1094 (2007). In Louisiana, the applicable prescriptive period is one year. LA. CIV. CODE ANN. 3492. State law governs tolling in § 1983 actions. *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993). There is no general rule of law in Louisiana that provides for interruption or suspension of the prescriptive period because of imprisonment. *See Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). "The accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 127 S. Ct. at 1095 (emphasis in original). Stephens' claims of false imprisonment and malicious prosecution accrued, at the latest, in June 1986, when the arson charges were dismissed. *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); *Brummett v. Camble*, 946 F.2d 1178, 1183 (5th Cir. 1991). Thus, the one-year limitations period began to run in June 1986 and the claims set forth in Stephens' complaint, which was filed in November 2007, are prescribed.

AFFIRMED.