# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

No. 13-30171
Summary Calendar

Lyle W. Cayce
Clerk

CRAIG VICTORIAN,

Plaintiff-Appellant

v.

LYNN COOPER; SECURITY STAFF AVOYELLES CORRECTIONAL
CENTER; TERRY BORDELON; NATE CAIN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CV-2001

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis, Craig Victorian, Louisiana
prisoner # 170437, appeals the dismissal of his 42 U.S.C. § 1983 complaint as
frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)
and § 1915A. We review the dismissal de novo. *See Black v. Warren*, 134 F.3d
732, 733-34 (5th Cir. 1998); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Victorian argues that his action meets the standard of deliberate indifference. He cites *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987), in which that court held that the prisoner's allegations stated a colorable claim under the Eighth and Fourteenth Amendments. Gill alleged that Mooney, a prison employee, ordered him to continue working after Gill had informed Mooney that the ladder was unsafe, and Gill fell from the ladder and injured himself. Victorian argues that ordering an inmate to use a bucket to stand on instead of a ladder also amounts to deliberate indifference.

To establish deliberate indifference in the context of the Eighth Amendment, an inmate must show that the defendants (1) were aware of facts from which an inference of an excessive risk to an inmate's health or safety could be drawn and (2) drew an inference that such potential for harm existed. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. Victorian did not allege any facts from which an inference of an excessive risk of harm could be drawn, nor did he allege that the defendants actually drew such an inference. Even if the allegation, made for the first time in his objections and not made in his complaint, that he was required to use a bucket is credited, it amounts to no more than a claim of negligence and not deliberate indifference.

With regard to the statute of limitations, Victorian argues that the district court failed to consider the time it took for his injury to heal and that he should not be held to the same standard because he was proceeding pro se. The statute of limitations for a § 1983 claim is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *See Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977). The limitations

period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citation omitted). Victorian's pro se status is "no defense to the absolute bar of the statute of limitations." *See Kissinger*, 544 F.2d at 1258.

The district court did not err in dismissing Victorian's complaint as frivolous and for failure to state a claim. *See Black*, 134 F.3d at 733-34; *Geiger*, 404 F.3d at 373.

Victorian's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous and the district court's dismissal as frivolous and for failure to state a claim each count as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Victorian that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.