# United States Court of Appeals for the Fifth Circuit

No. 22-40114
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 2, 2022

Lyle W. Cayce
Clerk

Abid Naseer,

*Petitioner—Appellant*,

*versus*

Jason W. Cox, *Warden FCI Three Rivers*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CV-57

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Abid Naseer, federal prisoner # 05770-748, appeals the dismissal of his 28 U.S.C. § 2241 petition in which he sought to challenge a disciplinary conviction for failing to submit to a pat down search by a female correctional officer, which he objected to on religious grounds. He argues that his conviction should be expunged, that an injunction should enter against female pat-

---

[*] This decision is not designated for publication. *See* 5th Cir. R. 47.5.

down searches, and that he should be granted appropriate relief under the Religious Freedom Restoration Act.

The district court determined that § 2241 was not the appropriate means for Naseer to challenge his prison disciplinary conviction as it did not challenge the fact or duration of his confinement and that his loss of commissary privileges did not implicate due process concerns. Naseer does not address either determination in his opening brief, and he makes only a conclusory and speculative argument in his reply brief that he may eventually lose good-time credits towards his release. Even though we liberally construe the pleadings of a pro se litigant, such litigants must nonetheless brief issues to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Likewise, we do not ordinarily consider issues raised for the first time in a reply brief. *See Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002). In any event, the district court correctly determined that § 2241 does not authorize Naseer to challenge the conduct at issue here. *See Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987) (addressing § 2241 petitions); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding that loss of commissary privileges did not raise due process claim).

We decline to address Naseer's RFRA argument because he raises it for the first time on appeal. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

In the event Naseer intends to seek relief relating to his objection, based on religious grounds, to being physically contacted by female guards, he is reminded that he may initiate a civil lawsuit pursuant to the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1(c), and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc-1, 2000cc-2.

AFFIRMED.