# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-10785
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2024

Lyle W. Cayce
Clerk

John Joseph Dunn,

*Plaintiff—Appellant*,

*versus*

Zachary Gore, *District Attorney, Taylor County*; William Brian Goza, *Court Appointed Attorney*; Ricky Bishop, *Taylor County Jail*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:22-CV-95

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

John Joseph Dunn, a former pretrial detainee in the Taylor County Jail in Abilene, Texas, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint in which he raised substantive claims challenging his underlying state drug convictions and requested various forms of injunctive relief, including a request for mental health treatment while incarcerated in

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the jail. The district court dismissed the complaint, in part, as frivolous and for failure to state claim under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A and, in part, as moot.

We review the dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i) for an abuse of discretion. *Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010). We review dismissal of a complaint under § 1915A(b)(1), dismissal of a complaint under § 1915(e)(2)(B)(ii), and legal questions relating to mootness de novo. *Id.*; *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 421 (5th Cir. 2013).

The district court determined that the claims challenging Dunn's underlying state convictions were not cognizable in a § 1983 proceeding because they pertained to the fact and duration of his confinement and therefore that the claims should be brought in a 28 U.S.C. § 2254 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). Because Dunn does not challenge that conclusion here, the claims are deemed abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Regarding Dunn's request for mental health treatment, he admits that he eventually received that treatment while jailed and notes that he was transferred to another institution after filing the § 1983 complaint. These circumstances rendered Dunn's claim for injunctive relief moot. *See DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011); *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

Accordingly, the district court's judgment is AFFIRMED.