**Marion Calvin TUCKER,**
**Plaintiff–Appellant,**

v.

**Peter CARLSON, Warden, et al.,**
**Defendants–Appellees.**

**No. 88–15568.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 1990.[*]

Decided Feb. 5, 1991.

---

[*] The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Marion Calvin Tucker, Phoenix, Ariz., pro se.

Arthur G. Garcia, Asst. U.S. Atty., Phoenix, Ariz., for defendants-appellees.

Before HUG, NELSON and LEAVY, Circuit Judges.

D.W. NELSON, Circuit Judge:

Marion Calvin Tucker, a former federal prisoner, appeals pro se the district court's summary judgment in favor of defendants Peter M. Carlson, Warden of the Federal Corrections Institution in Phoenix, Arizona ("FCI"), and Thomas E. Taylor, Administrative Systems Manager at FCI. Tucker brought this action alleging that the defendants violated his civil rights by failing to credit the time he spent in state custody toward shortening his federal sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo, Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990), and affirm.

I

On January 21, 1974, Tucker was convicted in federal court of bank robbery and sentenced to fifteen years in federal prison. He was released on parole on September 7, 1978. While on parole, Tucker was arrested and charged with six counts of robbery in California. He pleaded guilty to three counts and was sentenced to six years in state prison.

On October 8, 1979, the United States Parole Commission ("Commission") issued

a warrant for Tucker's arrest. After a hearing, the Commission revoked Tucker's parole, denied him credit for the time spent on parole, and ordered him to serve the remainder of his federal sentence.

On June 29, 1983, Tucker was released from state custody and returned to federal custody in Leavenworth, Kansas. He was transferred to FCI, Phoenix on February 25, 1986.

On May 20, 1987, Tucker filed a complaint pursuant to 42 U.S.C. §§ 1983 & 1985, and *Bivens v. Six Unknown Named Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) in the federal district court for the District of Columbia. Tucker alleged that the 34 months he spent in state custody should have been credited toward shortening his federal sentence rather than toward his reparole date. The District of Columbia court ordered the action transferred to the District of Arizona.

The defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.[1] The magistrate ordered that the motion be treated as a Fed.R.Civ.P. 56 motion for summary judgment. The district court granted the motion on the ground Tucker was not entitled to have his time in state custody credited toward shortening his federal sentence. Tucker timely appeals.

II

Tucker bases his claim on the Commission's decision not to credit his time in state custody toward shortening his federal sentence. If he was entitled to such credit, presumably he would also have been entitled to earlier parole. He thus challenges the manner in which his sentence was executed, an action maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984).

The fact that Tucker seeks a form of relief available only in a habeas petition

---

1. On January 11, 1988, all of the original defendants except Carlson and Taylor were dismissed from this action.

raises a question as to how his complaint should be construed. There is apparently only one Ninth Circuit case in which this same situation arose. *See Hassain v. Johnson,* 790 F.2d 1420, 1420–21 (9th Cir. 1986) (per curiam). In *Hassain,* the district court construed a federal prisoner's civil rights complaint as both a petition for habeas corpus and a *Bivens* action for civil rights violations. *Id.* at 1420. This court upheld the district court's judgment denying relief without discussing whether the district court's construction of the plaintiff's complaint was proper. *Id.*

■ We hold that to the extent Tucker challenges the fact or duration of his confinement, the district court should have construed Tucker's complaint as a petition for habeas corpus under 28 U.S.C. § 2241. *See Greene v. Meese,* 875 F.2d 639, 641 (7th Cir.1989); *Spina v. Aaron,* 821 F.2d 1126, 1128 (5th Cir.1987); *Hassain,* 790 F.2d at 1420–21; *cf. Ybarra v. Reno Thunderbird Mobile Home Village,* 723 F.2d 675, 681–82 (9th Cir.1984).[2] To the extent Tucker's complaint seeks damages for civil rights violations, his complaint is construed as a *Bivens* action. *See Greene,* 875 F.2d at 641; *Spina,* 821 F.2d at 1128; *Hassain,* 790 F.2d at 1420–21.

■ Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition. Here, it is unclear from the record whether Tucker fulfilled the exhaustion requirement. This would ordinarily necessitate a remand to the district court to determine whether Tucker satisfied the requirement. In this case, however, the government has not raised this issue before the

district court or on appeal. Under these circumstances, and because the exhaustion requirement is not jurisdictional, *see Brown v. Rison,* 895 F.2d 533, 535 (9th Cir.1990), we now turn to the merits of Tucker's claims.[3]

### III

■ Tucker argues that the federal detainer the Commission lodged with state prison authorities prevented him from making bail. Tucker is entitled to credit for the time he otherwise would have been out on bail if (1) the federal detainer had been "the sole reason for the denial of bail," and (2) the state failed to credit his state sentence for that time. *See Boniface v. Carlson,* 856 F.2d 1434, 1436 (9th Cir.1988) (per curiam).

Tucker was arrested on the state charges on February 13, 1979. He pled guilty on April 20, 1979, and was subsequently sentenced. Thus, Tucker was already serving his state sentence by the time the Commission lodged its detainer on October 17, 1979. Accordingly, even if Tucker was denied bail, the federal detainer could not have been the sole reason for that denial. *See id.* Tucker's argument therefore fails.

Tucker also argues that the acts upon which his state and federal prosecutions were based are sufficiently related so as to warrant crediting his time in state custody toward his federal sentence. This court has recognized, however, that "there is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge." *See Raines v. United States Parole Comm'n,* 829 F.2d 840, 843 (9th Cir.1987)

---

**2.** Our holding is supported by the decisions of the Seventh Circuit in *Greene,* 875 F.2d at 641, and the Fifth Circuit in *Spina,* 821 F.2d at 1128. Those courts held that when a federal prisoner challenges the fact or duration of his confinement in a civil rights action, the prisoner's complaint must be construed as a habeas petition. The reasoning employed by these courts is closely analogous to the reasoning used by this court in construing state prisoners' section 1983 actions as habeas petitions when the prisoner challenges the fact or duration of his confinement. *See, e.g., Young v. Kenny,* 907 F.2d 874,

876 (9th Cir.1989), *pet. for cert. filed,* —— U.S. L.W. —— (U.S. Sept. 24, 1990) (No. 90–5854); *Ybarra,* 723 F.2d at 681–82. In fact, the court in *Spina* expressly stated that when a federal prisoner challenges the fact or duration of his confinement in a civil rights action, the analysis of the complaint should parallel that used to evaluate state prisoners' section 1983 actions. 821 F.2d at 1128.

**3.** Construed as a habeas petition, Tucker's action, after transfer to the District of Arizona, was brought in the proper district. *See Miller v. Hambrick,* 905 F.2d 259, 261 (9th Cir.1990).

(per curiam). Therefore, Tucker is not entitled to credit for time spent in state custody.

Finally, Tucker's reliance on 18 U.S.C. § 3568 is misplaced. Section 3568 provides that the time a prisoner spends in presentence custody shall be credited toward any federal sentence that is subsequently imposed. *See Raines*, 829 F.2d at 843. Tucker raises no genuine issue of material fact as to the applicability of section 3568 because he does not seek credit for time spent in presentence custody in connection with the offense for which his federal sentence was imposed. Accordingly, section 3568 is inapplicable here. *See id.*[4] We thus hold that Tucker is not entitled to relief in habeas.

Federal prison regulations provide that "a prisoner whose parole has been revoked for committing a new offense shall receive credit for time served on the new offense *for purposes of reparole.*" *Berg v. United States Parole Comm'n*, 735 F.2d 378, 379 (9th Cir.1984) (per curiam) (emphasis in original); *see* 28 C.F.R. §§ 2.21(b)(3), 2.47(d)(1). The record demonstrates that the Commission acted in compliance with the regulations. Tucker has thus failed to raise a genuine issue of material fact as to whether the defendants violated his civil rights. Therefore, Tucker is not entitled to damages, and the district court did not err in granting summary judgment for the defendants.

AFFIRMED.

---

4. Section 3568 was repealed effective in 1986. We consider Tucker's claim under that provision, however, because it was still in effect at the time Tucker was sentenced. *See Brown*, 895 F.2d at 535 n. 1.