952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Edward CLAYTON, Plaintiff-Appellant,
v.
James BLOGETT, Superintendent; Ken Jurgensen; Rick Queen,
Defendants-Appellees.
 No. 91-35301.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 MEMORANDUM[1]
 
 1
 James Edward Clayton, a Washington state prisoner, appeals pro se the magistrate judge's summary judgment for the government in Clayton's 42 U.S.C. § 1983 action. Clayton contends that the magistrate judge erred by finding that Clayton was not denied due process under the fourteenth amendment at his prison disciplinary hearing because of the availability of state post-deprivation remedies. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 We review a grant of summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We must determine whether, viewing the evidence in the light most favorable to the nonmoving party, there are any genuine issues of material fact and whether the substantive law was correctly applied. Tzung v. State Farm Fire & Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1990).
 
 
 3
 "A deprivation of a constitutionally protected [liberty or] property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate post-deprivation remedy." Zinermon v. Burch, 110 S.Ct. 975, 986-87 (1990). Such a post-deprivation remedy satisfies due process only if the alleged deprivation "is not the result of some established State procedure and the State cannot predict precisely when the loss will occur." Id. at 985.
 
 
 4
 Clayton was charged with violations of the Washington Administrative Code following his involvement in an altercation in the prison dining hall. Following a disciplinary hearing, the hearing officer found Clayton guilty and ordered ten days isolation, twenty days segregation, and loss of thirty days good time credits. Clayton asserts that the hearing officer, arbitrarily and without any inquiry into the nature of the evidence, refused to consider the exculpatory testimony of two correctional officers as requested by Clayton. Under Washington state law, however, there were several post-deprivation remedies available to Clayton. Specifically, Clayton could have brought a tort action based on false imprisonment or negligence. Thus, because of the availability of these state remedies, the random, unauthorized conduct of the hearing officer did not give rise to a section 1983 due process claim, and the magistrate judge did not err by granting the government's motion for summary judgment as to Clayton's claim for monetary damages. See id. at 986-87.
 
 
 5
 To the extent a prisoner seeks reinstatement of his good time credits, his exclusive federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). To that extent, the district court should consider the complaint as a habeas petition under 28 U.S.C. § 2241. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991).
 
 
 6
 Here, however, the magistrate judge did not err by dismissing the action because it is clear from the face of Clayton's complaint that he has not exhausted his state remedies. See Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 681-82 (9th Cir.1984). The dismissal of Clayton's section 1983 action for reinstatement of his good time credits is without prejudice. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 District Judge Alan A. McDonald conducted the initial proceedings in this case. By consent of all parties, Magistrate Judge Hovis conducted the remaining proceedings and issued the final appealable order. See 28 U.S.C. § 636
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3