19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark W. NICHOLSON, Defendant-Appellant.
 No. 93-55171.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1993.*
Order filed Nov. 18, 1993.
Order Withdrawn Feb. 24, 1994.
Memorandum Decided Feb. 24, 1994.
 
 Before: BROWNING, BEEZER, and TROTT, Circuit Judges.
 
 ORDER
 
 1
 Defendant-Appellant Mark Nicholson's petition for rehearing, filed December 6, 1993, is hereby GRANTED.
 
 
 2
 The Order filed November 18, 1993 is hereby WITHDRAWN.
 
 
 3
 MEMORANDUM**
 
 
 4
 Mark Nicholson challenges the district court's order denying his motion to reduce sentence. He argues that the district court should have found that the government was contractually bound to request a reduction. We affirm.
 
 
 5
 Nicholson styled his petition as a motion to reduce sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure or, alternatively, as a motion to vacate, set aside, or correct sentence under 28 U.S.C. Sec. 2255. Because only the government can bring a Rule 35(b) motion, Nicholson's petition cannot fall under this rule. See United States v. Eatinger, 902 F.2d 1383, 1384 n. 2 (9th Cir.1990). Furthermore, "a section 2255 motion can test only the propriety of the sentence imposed, not the manner of its execution." Doganiere v. United States, 914 F.2d 165, 169 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). Actions challenging the manner in which a sentence is executed can only be maintained under Sec. 2241. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1991). Because Nicholson is proceeding pro se, we will construe his pleading as a Sec. 2241 petition and consider its merits. See Id. at 332.
 
 
 6
 Nicholson claims the government breached a contract it made with him by declining to file a motion for sentence reduction. However, he did not raise this argument before the district court, and, in fact, affirmatively stated that his motion for sentence reduction was "not based on a theory of contractual obligation." "Our general rule [in the Ninth Circuit] is that we will not consider issues raised for the first time on appeal." United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). We will, however, make an exception to this rule in this case because Nicholson is proceeding pro se, and we will consider the merits of his contract claim.
 
 
 7
 Nicholson argues that the government was contractually bound to request a sentencing reduction for him. Yet, the initial requests by Nicholson and his former attorney John Shean for such a reduction make no mention of any contract or binding agreement. There is no written evidence whatsoever of any contract, and the oral statements upon which he relies are inconclusive.
 
 
 8
 Nicholson claims that the existence of a binding contract is proven by Shean's statement that Assistant U.S. Attorney Lehman told him Nicholson "would be entitled to a Rule 35 Motion for sentence reduction if he cooperated with the government in its prosecution of John Westine." However, this conversation took place after Nicholson provided the FBI with the information about Westine, so Lehman's "promise" could not have been a condition for Nicholson's cooperation. Nicholson was never called to testify against Westine, so it is not clear that he cooperated with the government at all after Shean's conversation with Lehman. Even if there were no consideration problem, Lehman's statement to Shean is too vague and indefinite to create a binding contract between the U.S. Government and Nicholson. The government was not contractually bound to request a sentencing reduction.
 
 
 9
 Nicholson claims the district court erred by denying his motion without conducting an evidentiary hearing. "[B]ecause the record conclusively shows that petitioner is not entitled to habeas corpus under 28 U.S.C. Sec. 2241, no evidentiary hearing was required." Anderson v. United States, 898 F.2d 751, 753 (9th Cir.1990).
 
 
 10
 The district court's denial of Nicholson's motion is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3