26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick L. GREEN, Plaintiff-Appellant,
v.
Bryn ARMSTRONG; Danny D'Arpa; Nikki Kinsley, Thomas
Chickery; the Nevada Board of Parole
Commissioners, Defendants-Appellees.
 No. 93-16673.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Frederick L. Green appeals pro se from the district court's summary judgment dismissal of his 42 U.S.C. Sec. 1983 action against the Nevada Board of Parole Commissioners alleging that his constitutional rights were violated during his parole revocation proceedings. The district court construed Green's action as a habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 To the extent that a prisoner challenges "the fact or duration of his confinement" the complaint will be construed as a habeas corpus petition, and to the extent the "complaint seeks damages from civil rights violations" the complaint will be construed as a civil rights action. Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991). Where a prisoner challenges the manner in which his sentence was executed, the action is construed as a habeas petition pursuant to 28 U.S.C. Sec. 2241. Id. at 331 (prisoner sought earlier parole by challenging decision not to credit his time in state custody).
 
 
 4
 Green alleges that the district court erred in construing his action as a habeas petition. The Board of Parole revoked Green's parole after Green was booked on a charge of robbery with the use of a deadly weapon. Green's complaint centered on alleged civil rights violations committed by the Parole Board Commissioners in its proceedings, which resulted in the revocation of Green's parole after a parole revocation hearing. In challenging the revocation of parole, Green was challenging the "duration of his confinement" and therefore the district court did not err in construing the action as a habeas petition. See Tucker, 925 F.2d at 332.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 As this was properly construed as a habeas petition, the district court did not err in not addressing Green's request for injunctive and declaratory relief