43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mitchell HARRIS, Plaintiff-Appellant,
v.
William HENRY; Donald Dibble, et al., Defendants-Appellees.
 No. 94-15898.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 9, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mitchell Harris, a Nevada state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 civil rights action against Donald Dibble, a police officer.[1] Harris alleged that Dibble violated his due process rights by destroying exculpatory evidence and offering perjurious testimony at Harris' criminal trial. Harris also challenges the district court's denial of his motions for leave to amend, for reconsideration and to conduct further discovery. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 
 
 3
 Harris contends that the district court erred by dismissing his action pursuant to Rule 12(b)(6) for failure to state a claim because Dibble is not entitled to absolute immunity for destroying exculpatory evidence. This contention lacks merit.
 
 
 4
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Review is limited to the contents of the complaint. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992), cert. denied, 113 S.Ct. 599 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. In reviewing decisions of the district court, we may affirm on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 5
 In order to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must prove that the conviction has been invalidated in order to state a cognizable claim under section 1983. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).[2] A section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence therefore does not accrue until the conviction or sentence has been invalidated. Id. at 2373.
 
 
 6
 Here, Harris sought damages for the violation of his constitutional rights. In his complaint, Harris alleged that Officer Dibble violated his due process rights by destroying exculpatory evidence and offering perjurious testimony at Dibble's criminal trial. Because Harris' allegations necessarily imply the invalidity of his conviction and because Harris did not show that his conviction has been invalidated by a state or federal court, the district court properly dismissed his claim for damages.[3] See Heck, 114 S.Ct. at 2372-73. To the extent that Harris' complaint sought a reversal of his conviction as relief for due process violations, the district court should have construed that portion of his complaint as a habeas petition and required exhaustion of state remedies. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991) (holding that to the extent a prisoner challenges the fact or duration of his confinement, the district court should construe the complaint as a petition for habeas corpus under 28 U.S.C. Sec. 2241).
 
 
 7
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a previous unpublished memorandum disposition, we affirmed the district court's dismissal of Harris' action, Harris v. Henry, No. 92-15146, unpublished memorandum disposition (9th Cir. Nov. 16, 1992), reh'g granted in part (9th Cir. Jul. 21, 1993), but remanded for the limited purpose of determining whether Dibble was entitled to absolute immunity as a witness
 
 
 [2]
 The Supreme Court's decision in Heck applies retroactively to the instant case because the Court applied the rule announced in Heck to the parties in that case. See Harper v. Virginia Dep't of Taxation, 113 S.Ct. 2510, 2517 (1993) (no court may refuse to apply rule of federal law retroactively once the Court applies it to the parties before it)
 
 
 [3]
 Because Harris failed to state a cognizable section 1983 claim, the district court properly denied Harris' motions for leave to amend, for reconsideration and to conduct further discovery. See Heck, 114 S.Ct. at 2372-73