70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip G. MARTINEZ, Petitioner-Appellant,
v.
Mark A. HENRY, Respondent-Appellee.
 No. 95-55494.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1995.*
Decided Nov. 9, 1995.
 
 Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark A. Henry, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2241 petition. He contends the district court erred when it dismissed his petition. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we vacate and remand.
 
 
 3
 Martinez was on federal parole when he was arrested by California authorities for assault. Because the assault violated the terms of his federal parole, it was revoked. At the time he filed his habeas petition in district court, Martinez was in custody at Terminal Island.
 
 
 4
 On March 13, 1995, Martinez filed a section 2241 habeas petition in district court. On March 17, 1995, the district court dismissed the petition, noting that Martinez's "proper remedy" was a Bivens action.
 
 
 5
 In the habeas petition Martinez filed in district court, Martinez contends he is unable to defend himself in pending state court actions because the federal prison's law library is inadequate and he has been denied access to legal assistance by persons trained in the law. These allegations are sufficient to state a claim that Martinez was denied his constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 824 (1977).
 
 
 6
 On appeal, Martinez alleges that following the district court's dismissal of his action, prison authorities retaliated against him for filing this action by: confiscating all his legal papers, subjecting him to seven prison transfers over a two-month period, and placing him in segregation. These allegations are sufficient to state a retaliation claim. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir.1985).
 
 
 7
 The district court should have construed Martinez's challenges to the conditions of his confinement as an action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Wilwording v. Swenson, 404 U.S. 249, 251 (1971); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991).
 
 
 8
 Accordingly, we vacate and remand to the district court with instructions to consider Martinez's denial of access to the courts and retaliation claims as a Bivens action.
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3