106 F.3d 407
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Howell P. HARRIS, Petitioner-Appellant,
v.
George INGLE, Warden; Joy Ringland, CMF Employee; Attorney
General of the State of California, Respondents-Appellees.
 No. 95-17400.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howell P. Harris, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We review de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We have jurisdiction, 28 U.S.C. § 1291, 2253, and affirm.
 
 
 3
 Harris contends that the district court erred by dismissing his claim seeking to have a disciplinary charge expunged from his prison record because of alleged due process violations in the disciplinary proceeding. This contention lacks merit.
 
 
 4
 Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). If a prisoner is challenging the conditions of his confinement rather than the fact of confinement, his remedy is under the civil rights laws. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991). When a prisoner seeks civil rights relief by filing a habeas petition, he has merely mislabelled the action and the court should allow him to proceed or at least provide him with an opportunity to file an amended complaint. See Wilwording, 404 U.S. at 251.
 
 
 5
 Here, although labelled a habeas petition, Harris' claim is actually a challenge to the conditions of his confinement rather than the fact or duration of his confinement. See id.; Tucker, 925 F.2d at 332. Thus, the district court properly considered Harris' claim under civil rights law before denying the claim. We affirm the district court's order because it is clear from the record that Harris received all the process due under Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (noting that due process principles were correctly established and applied in Wolff ). Moreover, we have reviewed the record and conclude that there was "some evidence" to support the prison's determination of guilt. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1984) (holding that due process is satisfied "if there was any evidence in the record that could support the conclusion reached by the disciplinary board"); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir.1987).
 
 
 6
 Finally, because Harris failed to allege any facts that would entitle him to habeas relief, the district court did not abuse its discretion in denying his discovery request. See Christian v. Rhode, 41 F.3d 461, 470 n. 12 (9th Cir.1994).
 
 Accordingly, the district court's order is
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3