113 F.3d 1241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Wayne JOHNSON, Sr., Petitioner-Appellant,
v.
D.R. HILL, Respondent-Appellee.
 No. 96-55101.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Wayne Johnson, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Johnson raises numerous claims of error in his petition. In order to grant relief, these errors must have "had a substantial and injurious effect or influence in determining the jury's verdict." See Brecht v. Abrahamson, 507 U.S. 619, 623 (1993).
 
 
 4
 * Adequate Notice
 
 
 5
 Johnson contends that he was not adequately informed of the charges against him because at the time of his arrest he was injured and incoherent. This contention lacks merit.
 
 
 6
 "The Sixth Amendment, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees a criminal defendant a fundamental right to be clearly informed of the nature and cause of the charges against him." Calderon, 59 F.3d at 1009. A defendant may receive constitutionally adequate notice of an underlying charge by means other than the charging document. See id. (holding that description of crime in opening argument adequately apprised defendant of charges); Morrison v. Estelle, 981 F.2d 425, 427-28 (9th Cir.1992) (noting that defendant may receive adequate notice of charges at preliminary hearing).
 
 
 7
 Here, it is clear from the record that Johnson received a copy of the information before trial: The information charged Johnson with murder, use of a deadly weapon, vehicular manslaughter, and auto theft in violation of California Penal Code sections 187(a), 12022(b), 192(c)(1), 10851(a) and (b). At the preliminary hearing, the state presented extensive evidence which clearly outlined the charges against Johnson. Under these circumstances, Johnson received adequate notice of the charges. See Morrison, 981 F.2d at 427-28; Calderon, 59 F.3d at 1009.
 
 II
 Ineffective Assistance of Counsel
 
 8
 Johnson contends that he received ineffective assistance of counsel both at trial and on appeal. This contention lacks merit.
 
 A. Trial Counsel
 
 9
 To prevail on an ineffective assistance of counsel claim, the petitioner must show that counsel performed deficiently and that as a result, the petitioner suffered prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Hendricks v. Calderon, 70 F.3d 1032, 1036 (9th Cir.1995), cert. denied, 116 S.Ct. 1335 (1996). A petitioner must show that but for counsel's incompetence, a reasonable probability exists that the outcome of the trial would have been different. See Strickland, 466 U.S. at 694; Hendricks, 70 F.3d at 1036.
 
 
 10
 Johnson contends that counsel was ineffective for (1) failing to investigate why the officers followed the truck he was driving and (2) refusing to sign an affidavit saying she did her best to represent him. Counsel's performance was not deficient. See Strickland, 466 U.S. at 697. It is clear from the record that the officers followed Johnson because they saw him pull a screwdriver from the ignition and fail to stop at a stop sign.[1] In addition, counsel did respond to Johnson's request for an affidavit albeit stating that she could not send one without further information. Nor was counsel's performance deficient with regard to cross-examining the police officers about discrepancies in their testimony or failing to object to the limitations placed on the testimony of Johnson's parole officer. See id. The record reveals that counsel extensively cross-examined Officer Godinez about discrepancies between her testimony and the police report, and Officer Heacox about discrepancies between his trial testimony and preliminary hearing testimony. In addition, after his parole officer testified about Johnson's familiarity with the area where the accident occurred, counsel cross-examined the officer as to the basis of her knowledge. The trial court, however, limited the cross-examination expressly to keep the jury from finding out that Johnson was on parole for homicide and was suspected of committing other crimes.[2] We also reject Johnson's argument that counsel's performance was deficient because she did not insist on being included in a discussion between the prosecutor and a prosecution witness because counsel had no right to participate in such conversations. See id. at 690.
 
 
 11
 Johnson next contends that counsel should have investigated how a police officer talked to Muasafuma Morita, the owner of the stolen truck. Morita spoke only Japanese; the officer spoke only English. Because any information from Morita was not ascertained until after Johnson was involved in the fatal collision, which the two officers witnessed, Johnson cannot show that but for counsel's action a reasonable probability exists that the outcome of the trial would have been different. See Strickland, 466 U.S. at 694; see also Hendricks, 70 F.3d at 1042 (stating that petitioner cannot satisfy the prejudice prong of Strickland absent an indication of what beneficial evidence investigation would have revealed).
 
 
 12
 Johnson also contends that counsel was ineffective for not arguing that there was insufficient evidence to find him guilty of felony-murder. The state argued that Johnson killed the victim while violating Cal.Penal Code § 2800.1, which prohibits flight from a pursuing peace officer. An element of section 2800.1 is that the pursuing police car "is sounding a siren as may be reasonably necessary." Johnson points to an investigative report which states that the siren could not be heard on the dispatch tape until after the officers had reported a collision. Johnson cannot show prejudice, however, because the jurors listened to the dispatch tape themselves and both pursuing officers testified that the siren was activated prior to Johnson driving on to the freeway off-ramp. See Strickland, 466 U.S. at 694. In addition, Johnson cannot show that he was prejudiced by counsel's failure to inform him that he had a right to a jury trial on the allegations of prior convictions because the California Court of Appeal reversed and remanded these allegations. See People v. Johnson, 18 Cal.Rptr.2d 650, 655 (Cal.Ct.App.1993).
 
 
 13
 Finally, because we hold below that Johnson's double jeopardy, arraignment in absentia, and dual verdict claims lack merit, he cannot show that he was prejudiced. See Strickland, 466 U.S. at 694.
 
 B. Appellate Counsel
 
 14
 Johnson contends that his appellate counsel was ineffective for failing to raise the issues requested by Johnson and failing to forward a complete transcript to the Court of Appeal. This contention lacks merit.
 
 
 15
 Ineffective assistance of appellate counsel claims are subjected to the same standards as ineffective assistance of trial counsel claims. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) ("The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.").
 
 
 16
 Here, appellate counsel informed Johnson that he intended to file the issues which counsel felt had merit. Counsel then specifically instructed Johnson on how to seek leave of the court and to file a supplemental brief, which Johnson did. The California Court of Appeal addressed Johnson's claims in a published decision. See Johnson, 18 Cal.Rptr.2d at 656-57. In addition, counsel had a transcript of the entire trial, except the prosecutor's opening statement, and none of the untranscribed portions of the proceedings were related to the issues raised by counsel.[3] Accordingly, Johnson has not shown that appellate counsel was ineffective. See Miller, 882 F.2d at 1434.
 
 III
 Other Claims
 
 17
 Johnson contends that his counsel insulted and berated him and that the trial judge made racist comments and then altered the transcripts to delete these comments. The California Court of Appeal found no support for these claims. See Johnson, 18 Cal.Rptr.2d at 656-57. This finding is entitled to a presumption of correctness. See Tomlin v. Myers, 30 F.3d 1235, 1242 (9th Cir.1994) (citing 28 U.S.C. § 2254(d)). "To reject this finding, we must conclude that it lacks even fair support in the record." See id. (brackets and quotations omitted). Because we conclude that the Court of Appeal's findings have ample support in the record, we affirm the denial of these claims.
 
 
 18
 Johnson contends that he was subject to cruel and unusual punishment by the prosecutor and trial court. We disagree.
 
 
 19
 After the prosecutor tendered a statement pursuant to Cal.Penal Code § 1203.01 recommending that Johnson not be paroled, Johnson sent an obscene and threatening six-page letter to the prosecutor, trial judge, wife of the victim, and others. In the letter Johnson, among other things, accused the judge and prosecutor of being in the Ku Klux Klan, threatened to physically harm the son of the victim and viciously attacked the character of the victim's wife. As a result, the judge issued an order prohibiting Johnson from engaging in certain further communications and apparently complained to prison authorities about Johnson.
 
 
 20
 We find no irregularity in the prosecutor's submission of a statement recommending Johnson not be granted parole. See Cal.Penal Code § 1203.01 (permitting prosecutors to file "a brief statement of their views respecting the person convicted or sentenced and the crime committed"). In addition, Johnson's allegations that the judge's actions have resulted in delays in incoming and outgoing mail and interference with his family visitation are clearly complaints about the conditions of his confinement and are thus not cognizable in this habeas petition. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam) (noting that when prisoner challenges the conditions of confinement rather than the fact of confinement, remedy is under the civil rights laws); see also Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991).
 
 
 21
 We also reject Johnson's contention that the California Supreme Court violated due process by not granting him relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (stating that habeas relief is not available for alleged errors in the application of state law).
 
 
 22
 We reject Johnson's claim that his constitutional rights were violated when he was given a neuropsychological evaluation after trial, but before sentencing. Johnson appears to contend that he should have been given this evaluation before trial to assess his competency. The report in no way suggests that Johnson was incompetent to stand trial, thus he cannot show that the failure to evaluate him prior to trial "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 623. Likewise, Johnson cannot show that the fact that the judge allowed the prosecutor three to four minutes to confer with a witness privately or that he was arraigned in absentia had such "a substantial and injurious effect." See id.
 
 
 23
 Johnson's contentions that his conviction violated double jeopardy and equal protection, that he received a dual sentence in violation of due process, and that he was denied the right to confront witnesses against him, are affirmed for the reasons stated in the report and recommendation filed on September 25, 1995 and adopted in the district court order filed December 14, 1995.[4]
 
 
 24
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The ignition switch had been removed from the truck and a screwdriver was found on the floor of the truck
 
 
 [2]
 The judge stated: "I just don't want anything coming out what he's on parole for and the fact that he may have been a suspect in a 211 or any of that kind of stuff. I don't want that to taint this jury."
 
 
 [3]
 It appears that Marsden motions and voir dire were recorded but not transcribed. See People v. Marsden, 465 P.2d 44 (Cal.1970)
 
 
 [4]
 After a thorough review of the district court record, we reject Johnson's claim that the district court committed numerous improprieties in resolving this case. See Hamilton Copper & Steel, Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990) (noting that district court has inherent authority to manage its own docket)