122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy Ray TALK, Plaintiff-Appellant,
v.
John W. GILLIS; California State Board of Pardons; Eugene
v. Luttrell; Robert Z. Patterson; Ron E. Koerry;
Ted Rich, Defendants-Appellees.
 No. 96-15994.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-94-01162-WBD/GGH; William B. Shubb, Senior Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RHYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Billy Ray Talk, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss the appeal.
 
 
 3
 Talk alleged that the California State Board of Pardons ("Board") and the individual board members violated his constitutional rights by denying him a parole board hearing for clemency consideration.[2] Because the Board is not a "person" under § 1983, Will v. Michigan Dep't State Police, 491 U.S. 58, 70 (1989), and because the members of the Board are absolutely immune from suit, Sellars v. Procunier, 641 F.2d 1295, 1303 (9th Cir.1981), Talk's claims against these defendants must be dismissed as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989).
 
 
 4
 Talk also requested the district court to issue an order setting a release date. Accordingly, we also construe his complaint as a petition for a writ of habeas corpus. See Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir.1991). Even so construed, we agree with the district court that Talk's remaining claims are frivolous. Talk failed to demonstrate that the change in parole procedures created more than speculative risk of increasing his punishment, therefore, there is no violation of the Ex Post Facto Clause. See Johnson v. Gomez, 92 F.3d 964, 967-68 (9th Cir.1996). In addition, because Talk does not have a protected liberty interest in the parole regulations at issue, the recession of those regulations did not violate Talk's due process rights. See Sandin v. Connor, 115 S.Ct. 2293, (1995); see also Connecticut Board of Pardons v. Dumschat, 452 U.S. 458 (1981); Hill v. Jackson, 64 F.3d 163, 170-71 (4th Cir.1995).
 
 
 5
 DISMISSED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court dismissed under 28 U.S.C. § 1915(d). The former Section 1915(d) was redesignated 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-155, 110 Stat. 1321 (1996) ("PLRA"). The portion of § 1915(d) which allowed for the dismissal of frivolous in forma pauperis complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i)
 
 
 [2]
 Although Talk named the Board as a defendant, the attachments to Talk's complaint indicates that the entity he attempted to sue was the California Board of Prison Terms. Accordingly, the district court properly construed Talk's action as one against the California Board of Prison Terms