**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY A. CHRISTIAN, | No. 07-56371 |
| Petitioner - Appellant, | D.C. No. CV-05-07877-SJO |
| v. | |
| J. NORWOOD, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted April 5, 2010[**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Federal prisoner Timothy A. Christian appeals pro se from the district

court's judgment denying his 28 U.S.C. § 2241 habeas petition.  We have

jurisdiction pursuant to 28 U.S.C. § 2253, and we dismiss the appeal as moot.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Christian contends the Bureau of Prisons should have credited 161 days he spent in Florida state custody against his federal sentence. After the briefing was completed in this appeal, Christian filed a "Motion to Withdraw and Amend Without Prejudice," in which he asserts that the Bureau of Prisons has credited his federal sentence as he requested. We construe his motion, in part, as a motion to dismiss the appeal. So construed, we grant that portion of the motion because his appeal is now moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097-98 (9th Cir. 1997).

Christian's motion also requests that we recommend that the district court order the Bureau of Prisons to compensate him for his expenses and the mental anguish he suffered pursuing his claim. Christian's request is denied as a § 2241 petition is not the proper vehicle for obtaining monetary damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *see also Tucker v. Carlson*, 925 F.2d 330, 331-32 (9th Cir. 1991) (holding that a challenge to the execution of a sentence is maintainable only as a § 2241 petition, whereas a damages claim for civil rights violations should be construed as an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)).

**DISMISSED.**