**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIMMY QUAN, | No. 08-17676 |
| Petitioner - Appellant, | D.C. No. 1:08-cv-00511-LJO |
| v. | |
| U.S. BUREAU OF PRISONS and D. SMITH, Warden, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted October 19, 2010[**]

Before:     O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

Federal prisoner Jimmy Quan appeals pro se from the district court's judgment denying, in part, his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The Bureau of Prisons (BOP) contends that the district court lacked jurisdiction to consider Quan's petition under 28 U.S.C. § 2241. This contention fails because Quan currently challenges the manner in which his sentence was executed. *See Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (stating that challenges to the manner in which a sentence was executed are maintainable only in habeas petitions filed under § 2241); *see also Rodriguez v. Smith*, 541 F.3d 1180 (9th Cir. 2008) (granting a petition filed under § 2241 that challenged a BOP policy regarding the transfer of inmates to Residential Re-entry Centers) .

Quan contends that the BOP continues to categorically refuse to consider placing prisoners in Residential Re-entry Centers (RRC) prior to their final six months of incarceration, in violation of 18 U.S.C. §§ 3621(b), 3624(c), and *Rodriguez*. This contention fails because Quan has not presented any evidence to support this claim.

Quan also contends that, under § 3621(b) and *Rodriguez*, the BOP is required to immediately assess him for placement in an RCC. This contention fails because § 3621(b) provides the BOP with *discretionary* authority to consider RCC placement for inmates prior to the last ten percent of the prison term. *See Rodriguez*, 541 F.3d at 1182-85.

Finally, Quan contends that the BOP is required to consider placing him in an RCC for the last ten percent of his sentence.  While a true statement of law, *see id.* at 1184, Quan does not present any basis for relief because Quan concedes that he is not yet serving the last ten percent of the prison term.  *See 18 Unnamed "John Smith" Prisoners v. Meese*, 871 F.2d 881, 882-83 (9th Cir. 1989) (controversy required for claim to be ripe).

**AFFIRMED**.