**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN L. BROWN, | No. 20-15750 |
| Petitioner-Appellant, | D.C. No. 4:19-cv-00437-RCC-LCK |
| v. | |
| BARBARA VON BLANCKENSEE, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Federal prisoner Brian L. Brown appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition. We have

jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Alaimalo v. United

States*, 645 F.3d 1042, 1047 (9th Cir. 2011), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Brown contends that the Bureau of Prisons violated his right to due process and his First Amendment rights of access to the courts and to his legal property by seizing his property, including legal documents, medical records, and religious documents, and by interfering with his efforts to seek administrative remedies. As the district court correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), rather than a § 2241 petition. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (federal prisoner asserting civil rights violation must file a *Bivens* action rather than a § 2241 petition); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (a § 2241 petition is limited to challenges to "the manner, location, or conditions of a sentence's execution"). Even if, as Brown contends, the alleged seizure of his property and interference with his administrative remedies constituted a disciplinary action, that action did not subject him to greater restrictions of his liberty sufficient to invoke habeas jurisdiction. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016).

Brown's "Motion for Arrest of Clerk's Judgment" is denied as moot; Brown's opening brief was timely filed and has been considered by the court.

**AFFIRMED.**

20-15750