NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRIAN L. BROWN,

Petitioner-Appellant,

v.

BARBARA VON BLANCKENSEE,

Respondent-Appellee.

No.    20-15748

D.C. No. 4:19-cv-00436-RCC-LCK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Federal prisoner Brian L. Brown appeals pro se from the district court's

judgment dismissing his 28 U.S.C. § 2241 habeas corpus petition.  We have

jurisdiction under 28 U.S.C. § 1291.  Reviewing de novo, *see Alaimalo v. United

States*, 645 F.3d 1042, 1047 (9th Cir. 2011), we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Brown contends that the Bureau of Prisons violated his due process and First Amendment rights, as well as the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, by removing him from the Religious Diet Program. As the district court correctly concluded, the appropriate remedy for these claims lies in a civil rights action under *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), rather than a § 2241 petition. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (federal prisoner asserting civil rights violation must file a *Bivens* action rather than a § 2241 petition); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (a § 2241 petition is limited to challenges to "the manner, location, or conditions of a sentence's execution"). Even if, as Brown asserts, his suspension from the Religious Diet Program constituted a disciplinary action, that action did not subject him to greater restrictions of his liberty sufficient to invoke habeas jurisdiction. *See Bostic v. Carlson*, 884 F.2d 1267, 1269 (9th Cir. 1989), *overruled on other grounds by Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016).

**AFFIRMED.**